## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NELTON EDWARDS, individually and on behalf of all others similarly situated, )))) | |
| ) | No. 13-CV-6507 |
| Plaintiff, ) ) | |
| v. ) ) | Magistrate Judge Daniel G. Martin |
| PROFESSIONAL TRANSPORTATION, ) INC., ) ) | |
| Defendant. ) | |

### ORDER GRANTING FINAL APPROVAL OF
### SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiff Nelton Edwards and Defendant Professional Transportation, Inc., ("PTI") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiff has filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiff's motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's April 17, 2014 Order, the Court defines the Settlement Class as follows:

> employees or job applicants who applied to work for or who worked for Professional Transportation, Inc., Inc. during the time frame of September 11, 2011 to November 4, 2013 and who are identified in the Class List attached as Exhibit B to the Parties' Settlement Agreement. These individuals worked for or applied to work for Professional Transportation, Inc., Inc. during the Covered Period and may have suffered an adverse action based upon information obtained in a consumer report.

2. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court hereby dismisses this case with prejudice against Defendant. All Class Members herein release and discharge Defendant and the other Released Parties identified in the Parties' Settlement Agreement from all Fair Credit Reporting Act claims arising out of Class Members' employment or application for employment at our through any of Defendant's offices or locations and occurring between September 11, 2011 and November 4, 2013.

6. Without affecting the finality of this order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon.

7. The Court directs payment to be made from the common fund created by the Settlement Agreement to Nelton Edwards in the sum of $1,000.00 over and above

the amount that he is entitled to by virtue of his status as a Class Member. This payment shall occur no later than fourteen days after the Settlement Effective Date.[1]

8.      The Court directs payment to be made from the common fund created by the Settlement Agreement to Class Counsel in the total sum of $70,000.00, which amounts to 30% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiff's attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fourteen days after the Settlement Effective Date.

9.      The Court directs payment of $13,000.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than fourteen days after the Settlement Effective Date.

10.     The Court directs Simpluris to issue checks in an amount of $310.64 to each Class Member as provided in the Settlement Agreement. This payment shall occur no later than fourteen days after the Settlement Effective Date.

ENTERED:

_____
United States Magistrate Judge

Dated:  July 30, 2014

---

[1] Settlement Effective Date means the first day following the last of the following occurrences:  (a) fourteen (14) days after the issuance of the Court's Final Approval Order; (b)  if an objection has been made to final approval of the settlement, the date on which the objector's time to appeal the Final Approval Order has expired with no appeal or other judicial review having been taken or sought; or (c)  if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.